Bigger, J.
The case is submitted to the court'upon the demurrer of the plaintiff to' the answer of the city. The plaintiff seeks to recover his salary as a member of the fire department of this city during the period when, by order of the director of public safety of the city of Columbus, he was suspended from the force, upon the ground, as stated in the order of suspension, that the funds appropriated by the city council for the payment of the fire department for that year (1902) were insufficient to pay the entire force, and that it was, therefore, necessary to suspend a number of the fire force, of which plaintiff was one. This suspension was first ordered in October of 1902, by which order he y?as suspended to the first of January, 1903, and again on the last day of December, for the same reason, he was again suspended for lack of funds. Shortly after each order of suspension the plaintiff appealed to the civil service commission, which found the suspension to be without authority, and attempted to order his reinstatement.
The answer sets up the fact that after the suspension of plaintiff and twenty-eight other members of the fire department, during the latter part of the year 1902, to-wit,- from October 20, the expenses were kept within the appropriation, leaving only a balance of $41.43, and that the salary of plaintiff and the other twenty-eight members so suspended, would, for the period from October 20, to the end of the year, • have amounted to something over $4,000. It is set out that the director of public safety, O. O. Philbriek, foreseeing that it would be impossible to pay the entire force of firemen, had appealed to the city council to take some action to relieve the embarrassing situation, but that no action was taken and no .additional funds were provided. It is then averred that, at the beginning of the year 1903, it was again apparent to all the city officials that the income of the fire department would be *3 insufficient to meet tbe expenses, if tbe number of men provided by the city ordnance should be retained, and that the plaintiff. and twenty-eight other men were again suspended without pay until the 4th day of May, 1903, by which a saving of over $7,000 to the city was effected. That, as a matter of fact, the total receipts of the fire department somewhat exceeded the estimate of the same made at the opening of the year 1903, but notwithstanding this saving of over $7,000, by reason of the suspension, the total receipts of the department for the year exceeded the total disbursements by only $900.47, and that the disbursements were kept within the receipts only by reason of the suspension of this plaintiff and the other members of the department.
It is stated that, during all the time of this suspension from the 20th of October to the 4th day of May, the plaintiff performed no services of any kind or nature whatsoever for the city, but it is admitted he was ready and willing to do so, but was not permitted to do so. There are other averments in the answer which I will not now undertake to state, as they are not material
Yery elaborate briefs have been filed upon both sides. I will not undertake to cite or comment upon the numerous cases cited by counsel, but only to state generally my conclusion.
There seems to be some conflict in the authorities, and as a result of my examination of them, I am led to the conclusion' that the plaintiff, if the facts stated in the answer be true, can not recover, and upon these general considerations or principles which seem to me to be deducible from the authorities. That an employe of a municipal corporation can not rest his right to recover upon contract, is, I think, clearly established; that, if wrongfully suspended, he can not, without taking the proper steps to have himself reinstated, compel the municipality to pay him compensation during the suspension. The authorities which hold that it is unreasonable that one who is wrongfully suspended may sit quietly by, and without any effort to recover his place, hold the city liable for his compensation, seem to me to be reasonable and founded upon correct principles.
*4 But in this case the plaintiff did appeal to the civil service commission. The authority of this commission, it is stated, the director of public safety would not recognize, claiming that it was an unconstitutional body, because created by special act of the Legislature. Except for the provisions of this civil service law, the director of public safety had the power under the Charter Law to suspend employes in his department. It must be conceded that this'act which called into existence the civil service commission was clearly unconstitutional,' but whether constitutional or unconstitutional it had no power to enforce obedience to its findings as against the director of public safety.
Here then was a conflict between two of the agencies of the city, as to whether or not the plaintiff was rightfully suspended. Clearly, it seems to me, if the plaintiff had, by virtue of his employment by the city, any right to continue in its employment, he could in a proper action before a tribunal having jurisdiction have had such right decreed, and decree enforced. Could he, under such state of facts, stand by indefinitely, and'without appeal to some tribunal having authority to compel his reinstatement, hold the city liable for his compensation when no services were in fact rendered? Or, was it not his duty to have appealed to such tribunal, so that if the city should be compelled to pay for the services, it might also receive quid pro quo? There seems to me, I confess, to be much force in the reasoning that to adopt such a conclusion would be against public policy, as it would encourage those wrongfully removed to refrain from an appeal to a tribunal having power to enforce obedience to its mandates and obtain compensation without the rendition of the equivalent in services. If the plaintiff can not rest his right to compensation upon a contract obligation as against the city, then he can apparently only recover his compensation from the fund appropriated by the city council for that purpose, and if the city council did not make a sufficient appropriation, and in fact did not at any time, as is averred, during the year make an appropriation from which he could be paid, upon what principle can he now recover?
But there is, it seems to me upon consideration of the authori- • ties a further and perhaps more serious legal obstacle to the *5 sustaining of this demurrer, and that is found in the line of decisions cited by counsel for the city, that where the city has failed to provide funds to- pay for the services, that an employe suspended upon that ground is not wrongfully, but rightfully suspended, and that neither his contract of employment nor the civil service act would furnish him any protection against a suspension upon that ground. The answer sets out that, as a matter of fact, -the city had not, at the time of the suspensions, nor did it afterwards either during the year 1902 or 1903, provide a fund from which the plaintiff and the other suspended members of the fire department could have been paid. That, in other words, while the city council had fixed the number of firemen, that it did not in fact provide the funds from which the director could pay them, and that this necessitated a reduction of the force. It seems to me that if these averments of the answer be established, that upon the authorities cited the plaintiff can not recover. In the Kentucky case cited, it seems that the. board which attempted to suspend did not have any such authority under the law, and the court so found. But the director in this ease clearly had the power to suspend, and it would seem, upon the authority cited, that if he did suspend upon that ground, that it was rightful, and that the civil service board could not reinstate one suspended for such cause.
J. E. Safer, for plaintiff.
J. M. Butler, for defendant.
The demurrer for these reasons must be overruled.